JOURNAL ENTRY AND OPINION
{¶ 1} On January 30, 2006, the relators, who represent the fire fighters in the City of Cleveland (hereinafter referred to as the Fire Fighters),[1] commenced this mandamus action against the City of Cleveland[2] to compel the respondents to comply with R.C. 9.481 and to stay any disciplinary hearings against any Cleveland employees for violating the City's residency requirement. The gravamen of this mandamus action is that R.C. 9.481 renders the City's Charter provision requiring residency of its employees null and void. On February 2, 2006, the respondents filed a motion to dismiss.
 {¶ 2} On February 17, 2006, the Fire Fighters filed their response. First, the Fire Fighters moved to amend their complaint by adding "State ex rel." to the caption,[3] and the affidavits of the named relators.[4] The amended petition also dropped William Ruck as a relator[5] and added Fire Fighters Local 93 President Robert Fisher as a relator. The Fire Fighters also filed a "Motion to hold petition in abeyance" until the effective date of R.C. 9.481, on or about May 1, 2006, and a brief in opposition to Cleveland's dispositive motion. For the following reasons, this court grants the Fire Fighters' motion to amend the complaint, denies the motion to hold the petition in abeyance, and grants the respondents' motion to dismiss.
 {¶ 3} Civil Rule 15(A) directs that leave should be freely given to amend the complaint. It is obvious that the Fire Fighters offer the amended complaint to cure several potentially fatal pleading deficiencies. Thus, the court grants the motion to amend.
 {¶ 4} This court concludes that the matter is not yet justiciable. The court further concludes that because Relators urge us to find that the "City Charter is in conflict with the Constitution and the laws of the State of Ohio and the United States of America and should be deemed null and void[,]" this matter is not simply an application for mandamus, but a declaratory judgment action which is beyond the original jurisdiction of this court.
 {¶ 5} City of Cleveland Charter Section 74 requires each City employee to become a bona fide resident of Cleveland within six months of the date of appointment. R.C. 9.481, signed by Governor Taft on January 27, 2006, provides that "no political subdivision shall require any of its employees, as a condition of employment, to reside in any specific area of the state." In adopting this statute the General Assembly in Section 2 specifically invoked Article I, Section 1[6] and Article II, Section 34 of the Ohio Constitution which provides that "Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employees; and no other provision of the constitution shall impair or limit this power."
 {¶ 6} Nevertheless, Mayor Jackson has concluded that R.C.9.481 is an unconstitutional infringement on the home rule powers of municipalities under Article XVIII, Section 3[7] of the Ohio Constitution. Therefore, he has announced to all City employees that Cleveland will enforce Charter Section 74; any City employee who violates that residency requirement will be terminated pursuant to the City of Cleveland's Civil Service Rule 17, "Termination of Non-residents." (January 18, 2006 Notice from Mayor Jackson to City employees, attached as Exhibit C to the Fire Fighters' petition.)
 {¶ 7} The Fire Fighters commenced this mandamus action to compel compliance with the new statute and alleged in relevant part as follows:
 {¶ 8} "9. On or about January 27, 2006, Senate Bill 82, Revised Code 9.481 (see attached `Exhibit B') was signed by Governor Taft. Charter Section 74 is in direct conflict, by specifically imposing a contradictory residency requirement as a condition of employment.
 {¶ 9} "* * *
 {¶ 10} "12. The City Charter is in conflict with the Constitution and the laws of the State of Ohio and the United States of America and should be deemed null and void.
 {¶ 11} "13. Respondents have no compelling governmental interest for the imposition and enforcement of the residency requirement upon the Fire Fighters in contravention of R.C. 9.481
and the determination of the Ohio State General Assembly.
 {¶ 12} "* * *
 {¶ 13} "16. The Ohio Constitution, Article II, § 34, gives specific authority to the General Assembly to enact R.C. 9.481 in that it provides for the `comfort, health, safety and general welfare' of all employees and such Constitutional provision sets forth that `no other provisions' (sic) of the Ohio Constitution, State Statutes, or local laws, even if adopted pursuant to `Home Rule' under Article XVIII, § 3, shall `impair or limit their power.' (Supremacy Clause)
 {¶ 14} "17. R.C. 9.481 is a matter of statewide concern, and therefore may not be contradicted by any Political Subdivision enactment under Art. XVIII § 3, as such matters are specifically reserved for the General Assembly by the language set forth in the `Home Rule' provisions."
 {¶ 15} The requisites for mandamus are: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State exrel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914
and State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41,374 N.E.2d 641.
 {¶ 16} In determining whether these requirements are met herein, this court notes as an initial matter, that although the Governor has signed R.C. 9.481, it has no emergency provisions and is not an appropriations bill. Thus, pursuant to Article II, Section 1c of the Ohio Constitution it does not become effective until ninety days after the Governor has filed it with the Office of the Secretary of State. Accordingly, because the statute is not yet in effect, this matter is not ripe for mandamus.
 {¶ 17} The Supreme Court of Ohio has held that mandamus does not lie for prospective relief. "Mandamus will not lie to remedy the anticipated nonperformance of a duty. `* * * The function of mandamus is to compel the performance of a present existing duty as to which there is a default. It is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made.' State ex rel. Federal Homes Properties, Inc. v.Singer (1967), 9 Ohio St.2d 95, 96." State ex rel. Home CarePharmacy, Inc. v. Creasy (1981), 67 Ohio St.2d 342, 343-344,423 N.E.2d 482. The Supreme Court reaffirmed this principle in OhioDepartment of Administrative Services v. State EmploymentRelations Board (1990), 54 Ohio St.3d 48, 53, 562 N.E.2d 125 — "* * * we do not issue an anticipatory writ of mandamus." See, also Mihocka v. Ziegler (1971), 28 Ohio Misc. 105, 109,274 N.E.2d 583 — "Mandamus, of course, will not lie in anticipation of an omission of duty, regardless how strong the presumption may be that the person will refuse to perform their duty when the proper time arrives."
 {¶ 18} The Fire Fighters implicitly concede that this mandamus action is not yet ripe by moving this court to hold the petition in abeyance until the statute becomes effective. They argue that judicial economy would be ill-served by dismissing the petition now when it would only be refiled within ninety days. Additionally, holding the matter in abeyance would allow full briefing on the merits and allow a prompt resolution on or very quickly after the effective date, before other Cleveland employees could be prejudiced by improper disciplinary action under the City's residency requirement.
 {¶ 19} However, this reasoning is unpersuasive. The petitioners chose mandamus as their remedy, and it is premature. This court honors the principles of justiciability and mandamus. Mandamus does not lie in anticipation of a breach of duty. Moreover, as explained below, this court concludes that it does not have jurisdiction over this controversy. Thus, it dismisses this action because, inter alia, it is not ripe.
 {¶ 20} Relators have identified a conflict in the laws which must be resolved. See infra. Their position is that because the General Assembly passed R.C. 9.481 pursuant to Article II, Section 34, it overrides Cleveland's Charter provision requiring residency. Moreover, because R.C. 9.481 is so clear in its effect, Cleveland has a duty to follow the law, and the Fire Fighters have a right to the law's enforcement. Furthermore, because there is no adequate remedy at law, they claim issuing the mandamus follows as a corollary.
 {¶ 21} The Fire Fighters characterize the requested relief as "directing the Respondents to comply with R.C. 9.481." However, the gravamen of the statute is to prevent any political subdivision from requiring any of its employees to reside in a specific area. Thus, the objectives of the Fire Fighters' petition are to resolve the conflict between R.C. 9.481 and Cleveland Charter Section 74 and to prevent Cleveland from enforcing its residency requirement, even though they have couched their petition in positive terms of complying with the new statute. However, in seeking mandamus from this court, the Fire Fighters are sub silentio asking this court to declare that R.C. 9.481 is such a law that nullifies Section 74 of the Cleveland Charter. Thus, these claims are beyond the original jurisdiction of this court.
 {¶ 22} The Supreme Court of Ohio has repeatedly held that the court of appeals lacks jurisdiction to hear declaratory judgment actions. State ex rel. Hogan v. Ghee, 85 Ohio St.3d 150,1999-Ohio-445, 707 N.E.2d 494; Wright v. Ghee,74 Ohio St.3d 465, 1996-Ohio-283, 659 N.E.2d 1261; State ex rel. Coyne v.Todia (1989), 45 Ohio St.3d 232, 543 N.E.2d 1271; and State exrel. Neer v. Industrial Commission of Ohio (1978),53 Ohio St.2d 22, 24, 371 N.E.2d 842 — "Permitting a Court of Appeals to give what is basically a declaratory judgment is to expand its constitutionally declared jurisdiction." Cf. State ex rel.Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, paragraph four of the syllabus: "since neither the Supreme Court nor the Court of Appeals has original jurisdiction in injunction the action must be dismissed for want of jurisdiction."
 {¶ 23} This court has followed these Supreme Court rulings. In State ex rel. Ministerial Day Care Association v. Zelman,
Cuyahoga App. No. 82128, 2003-Ohio-2653, ¶ 5, affirmed100 Ohio St.3d 347, 2003-Ohio-6447, 800 N.E.2d 21, this court reaffirmed the principle that a "court of appeals possesses no original jurisdiction to hear an action for a declaratory judgment. * * * An action filed and couched in the form of a mandamus does not state a cause of action in mandamus when the substance of the allegations clearly demonstrates an action for a declaratory judgment. Such an action, as couched in mandamus, is subject to dismissal." See also Dussell v. Lakewood Police Department,
Cuyahoga App. No. 81193, 2002-Ohio-6644 and State ex rel.Richard v. Tubbs-Jones (Aug. 13, 1992), Cuyahoga App. No. 64199. The instant case presents a threshold declaratory judgment claim to determine whether R.C. 9.481 nullifies the City of Cleveland's residency requirement, and this court does not have jurisdiction to consider such a claim.
 {¶ 24} Alternatively, the Supreme Court of Ohio has also recently ruled that "when the allegations of a mandamus complaint establish that the true objectives are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action and must be dismissed for want of jurisdiction." State exrel. Denton v. Bedinghaus, 98 Ohio St.3d 298, 2003-Ohio-861, ¶23, 784 N.E.2d 99; State ex rel. Grendell v. Davidson,86 Ohio St.3d 629, 1999-Ohio-130, 716 N.E.2d 704; and State ex rel.McGrath v. Ohio Adult Parole Authority, 100 Ohio St.3d 72,2003-Ohio-5062, 796 N.E.2d 526. In Satow v. Gausse-Milliken,98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289, the Supreme Court elaborated that in order to discern the true objects of a mandamus action, the court must examine the complaint to see whether it actually seeks to prevent, rather than compel, official action. In that case, the Supreme Court ruled that the action really sought a declaratory judgment that a new statute was unconstitutional and a prohibitory injunction to bar the governmental entities from applying the new statute, even though the requested relief sought to compel the use of the old statute.
 {¶ 25} In the instant case, Relators urge this court to find that the "City Charter is in conflict with the Constitution and the laws of the State of Ohio and the United States of America and should be deemed null and void." The objectives of the Fire Fighters' petition are to resolve the conflict between R.C. 9.481
and Cleveland Charter Section 74 and to prevent Cleveland from enforcing its residency requirement. Accordingly, the complaint does not state a cause of action for mandamus, but one for declaratory judgment and a prohibitory injunction. Even the use of the phrase "should be deemed null and void," evidences the true nature of this controversy as one for declaratory judgment. Thus, it must be dismissed for want of jurisdiction.[8] The court emphasizes that it is not basing its decision on whether a declaratory judgment action is an adequate remedy at law; rather it rules that this matter is actually a declaratory judgment action, and this court does not have jurisdiction over such actions.
 {¶ 26} Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear.State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission
(1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connolev. Cleveland Board of Education (1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger
(1940), 32 Ohio Law Abs. 308.
 {¶ 27} The instant case is a matter of first impression, involving a new statute. It also revolves around two apparently competing provisions of the Ohio Constitution. The deciding court must initially determine whether R.C. 9.481 is properly promulgated pursuant to Article II, Section 34. It must then, at the very least, determine whether the last clause of that section — "no other provision of the constitution shall impair or limit this power" — overrides Article XVIII, Section 3. It may have to consider whether there is some way to harmonize the two provisions or determine whether statutes promulgated under Article II, Section 34 must still fit the general law analysis under Article XVIII, Section 3.[9] The resolution of these issues and of the matter is not at all certain. Being a case of first impression, the answers are necessarily not clear.
 {¶ 28} In conclusion, this action is essentially a declaratory judgment action, and this court has no jurisdiction over declaratory judgements. Additionally, because the subject statute is not yet effective, the matter is not yet ripe for mandamus. Moreover, this case is a matter of first impression, involving constitutional issues, and there is necessarily no clear legal duty and at this time no clear legal right. Accordingly, this court grants the respondents' dispositive motion and dismisses this application for a writ of mandamus and an alternative writ. Petitioners to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Cooney, J. and Calabrese, Jr., concur.
[1] The original listed relators were (1) Cleveland Fire Fighters Association Local 93 of the International Association of Fire Fighters and all individual members of Local 93, IAFF, (2) Samuel Devito, (3) Don Pasonte, (4) William Ruck and (5)James Sliter.
[2] The named respondents are (1) Mayor Frank Jackson, (2) Safety Director Martin Flask, (3) the City of Cleveland, (4) the City of Cleveland Civil Service Commission, and the individual Civil Service Commissioners, (5) Lucille Ambroz, (6) Earl Preston, (7) Diane Dowling, (8) Michael Nelson, and (9) G. Reynaldo. Additionally, the Fire Fighters listed Ohio Attorney General Jim Petro as a respondent because he has an interest in the enforcement and constitutionality of the subject statute.
[3] The original complaint did not contain "State ex rel.," and rendered it subject to dismissal for failure to use the proper caption. R.C. 2731.04 and State ex rel. Maloney v. Court ofCommon Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270.
[4] Local Appellate Rule 45(B)(1)(a) requires that an original action "must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." The failure to provide such an affidavit also renders the action subject to summary dismissal. State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899. The Fire Fighters' original petition did not contain an affidavit from a named relator.
[5] The original complaint alleged that William Ruck faced a disciplinary hearing on residency on February 16, 2006. It appears that removing Ruck as a relator is an effort to prescind the issue of whether administrative appeals under R.C. 2506.01
are adequate remedies precluding mandamus and to remove a perceived obstacle in holding the matter in abeyance.
[6] Article I, Section 1, provides: "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."
[7] Article XVIII, Section 3 grants municipalities the "authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." This provision of the Ohio Constitution grants municipalities the power of home rule. If a municipal law is enacted pursuant to a charter and Article XVIII and the state law is not a "general law," then the state law must yield to the municipal law. Canton v. State, 95 Ohio St.3d 149, 2002-Ohio-2005,766 N.E.2d 963.
[8] The court acknowledges that the Supreme Court of Ohio has occasionally issued declaratory judgments on the constitutionality of statutes in mandamus actions, e.g., Stateex rel. Ohio Academy of Trial Lawyers v. Sheward,86 Ohio St.3d 451, 1999-Ohio-123, 715 N.E.2d 1062; State ex rel. Zupancic v.Limbach (1991), 58 Ohio St.3d 130, 568 N.E.2d 1206, and Stateex rel. AFL-CIO v. Ohio Bur. Of Workers' Comp.,97 Ohio St.3d 504, 2002-Ohio-6717, 780 N.E.2d 981. However, the Supreme Court has expressly limited such use of mandamus to the rare and extraordinary case in which the subject statute has very wide impact. The instant case is not of such magnitude and broad scope and does not justify an exception to the jurisdictional rules.State ex rel. International Heat Frost Insulators and AsbestosWorkers Local #3 v. Court of Common Pleas of Cuyahoga County
(Jan. 20, 2006), Cuyahoga App. No. 85116. See, also Rammage v.Saros, 97 Ohio St.3d 430, 431, 2002-Ohio-6669, at ¶ 11,780 N.E.2d 278, and State ex rel. Gaydosh v. Twinsburg,93 Ohio St.3d 576, 2001-Ohio-1613, 757 N.E.2d 357. "Constitutional challenges to legislation are generally resolved in an action in a common pleas court rather than in an extraordinary writ action * * *."
[9] This court offers no opinion as to the final outcome of the matter or resolution of these issues.