JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Relators aver that respondent, City of Cleveland ("the City"), terminated relator, William O. Miller, from his employment as a patrol officer because Miller did not comply with the City's requirement that employees reside in the City of Cleveland. See Section 74, Cleveland Charter. Relator, Cleveland Police Patrolmen's Association ("CPPA") is the exclusive bargaining agent for all persons employed by the City with the rank of Patrol Officer.
 {¶ 2} "City of Cleveland Charter Section 74 requires each City employee to become a bona fide resident of Cleveland within six months of the date of appointment. R.C. 9.481, signed by Governor Taft on January 27, 2006, provides that `no political subdivision shall require any of its employees, as a condition of employment, to reside in any specific area of the state.' In adopting this statute the General Assembly in Section 2 specifically invoked Article I, Section I, and Article II, Section 34 of the Ohio Constitution which provides that `Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employees; and no other provision of the constitution shall impair or limit this power.'" Cleveland FireFighters Assn. Local 93 v. Jackson, Cuyahoga App. No. 87708,2006-Ohio-800, at ¶ 5 (footnote deleted).
 {¶ 3} Relators contend that "[s]ince R.C. 9.481 is a valid exercise of General Assembly authority and is constitutional, Section 74 of the City Cleveland Charter is *Page 4 
preempted and unenforceable." Complaint, at 2. Relators request that this court issue a writ of mandamus compelling respondents — the City, the mayor, the directors of law and public safety as well as the Civil Service Commission ("the Commission") — to reinstate "Officer Miller and other similarly situated patrol officers during the pendency of the appeals concerning the constitutionality and applicability of R.C. 9.481
* * *" and awarding attorney fees. Complaint, ad damnum clause. For the reasons stated below, we deny relators' request for relief and grant respondents' motion to dismiss.
 {¶ 4} The fundamental criteria for issuing a writ of mandamus are well-established. "In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. ofEducation (1977), 52 Ohio St. 2d 81, 369 N.E.2d 1200." State ex rel.Harris v. Rhodes (1978), 54 Ohio St. 2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 5} Relators contend that they have both a clear legal right to the relief they request and that respondents have a clear legal duty because R.C. 9.481 "is the rule of law in the State of Ohio." Relators' Brief in Opposition to Respondents' Motion to Dismiss, at 2. Relators observe that the Court of Common Pleas for Cuyahoga County has held that R.C.9.481 is constitutional and supersedes Section 74 of the *Page 5 
Cleveland Charter. Cleveland v. State, Cuyahoga County Court of Common Pleas Case Nos. CV-590414 and 590463, pending as Cuyahoga App. No. 89486. Relators also observe that other trial courts have reached comparable conclusions. Cf. Lima v. State, Allen App. No. 1-07-21,2007-Ohio-6419, at ¶ 17 (citing various trial courts which have upheld R.C. 9.481).
 {¶ 6} Nevertheless, while this case has been pending, two other appellate districts have upheld municipal residency requirements.Lima v. State, supra (reversing the summary judgment entered by the court of common pleas in favor of the state and holding that "the trial court erred in finding R.C. 9.481 was validly enacted pursuant to Article II, Section 34 of the Ohio Constitution * * *, Id. at ¶ 1);State v. Akron, Summit App. No. 23660, 2008-Ohio-38 ("On cross-motions for summary judgment in this consolidated case, the trial court held that Section 9.48.1 is constitutional and that it invalidates Akron's employee residency requirements. This Court concludes that Section 9.48.1 of the Ohio Revised Code is unconstitutional and, therefore, the trial court erred in granting summary judgment to the state and the unions and against the city of Akron." Id. at ¶ 3). In light of the holdings by two appellate districts that R.C. 9.481 is unconstitutional, we cannot conclude relators' have a clear legal right to relief or that respondents have a clear legal duty to reinstate Miller. Relators have not, therefore, met the first two criteria for relief in mandamus. *Page 6 
 {¶ 7} Additionally, Miller "and other similarly situated patrol officers" have an adequate remedy in the ordinary course of the law by way of an administrative appeal. Relators do not dispute respondents' assertion that Miller has [or had] the right to pursue an administrative appeal from his termination. Cf. Senn v. Cleveland, Cuyahoga App. No. 84598, 2005-Ohio-765. Relators complain, however, that the remedy of an administrative appeal is not adequate because it requires Miller to remain separated from his position as a patrol officer for the City. Nevertheless, it is well-established that an administrative appeal is an adequate remedy for appealing the termination of a police officer. See, e.g., State ex rel. Fogle v. Carlisle, 99 Ohio St.3d 46, 2003-Ohio-2460,788 N.E.2d 1060, at ¶ 9. Relators have, therefore, failed to meet all three of the criteria for relief in mandamus.
 {¶ 8} Furthermore, we find that the nature of relief sought by relators is actually that of a declaratory judgment that R.C. 9.481 is both constitutional and supersedes Section 74, Cleveland Charter as well as a prohibitory injunction to prevent the City from enforcing its residency requirement. "`[I]f the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' State ex rel. Grendell v. Davidson (1999),86 Ohio St.3d 629, 634, 1999 Ohio 130, 716 N.E.2d 704. In order to divine the true objects of relators' mandamus action, `we must examine [their] complaint `to see whether it actually seeks to prevent, rather *Page 7 
than to compel, official action.' State ex rel. Cunningham v. AmerCunningham Co., L.P.A. (2002), 94 Ohio St.3d 323, 324, 2002 Ohio 789,762 N.E.2d 1012, quoting State ex rel. Stamps v. Montgomery Cty.Automatic Data Processing Bd. (1989), 42 Ohio St.3d 164, 166,538 N.E.2d 105." State ex rel. Satow v. Gausse-Milliken, 98 Ohio St.3d 479,2003-Ohio-2074, 786 N.E.2d 1289, at ¶ 13, quoted with approval inState ex rel. Internatl. Heat Frost Insulators and Asbestos WorkersLocal #3 v. Court of Common Pleas of Cuyahoga Cty., Cuyahoga App. No. 85116, 2006-Ohio-274, at ¶ 21. In Satow, the relators challenged the constitutionality of 2002 Sub. H.B. No. 329 and requested that the Supreme Court issue a writ of mandamus preventing that legislation from going into effect. "[T]he Supreme Court specifically noted that, although the relators characterized the action as seeking a judgment compelling the performance of affirmative duties, the nature of the relief was actually that of declaratory judgment and prohibitory injunction. Id. at T{14." State ex rel. Internatl. Heat FrostInsulators, supra. See also State ex rel. Obojski v. Perciak, Cuyahoga App. No. 87007, 2006-Ohio-5238, at TJ12-13, affirmed by State ex rel.Obojski v. Perciak, 113 Ohio St. 3d 486, 2007-Ohio-2453,866 N.E.2d 1070.
 {¶ 9} Similarly, in this case, relators argue that they are merely requesting that "this Court command a public officer or agency to perform an official act, that is reinstatement and comply with the provisions of state law enacted in R.C. 9.481." Relators' Brief in Opposition to Respondents' Motion to Dismiss, at 6. Yet, this case requires analysis comparable to that which this court employed inCleveland Fire *Page 8 Fighters Assn. Local 93 v. Jackson, supra, in which "the relators, who represent the fire fighters in the City of Cleveland (hereinafter referred to as the Fire Fighters), commenced this mandamus action against the City of Cleveland to compel the respondents to comply with R.C. 9.481 and to stay any disciplinary hearings against any Cleveland employees for violating the City's residency requirement. The gravamen of this mandamus action is that R.C. 9.481 renders the City's Charter provision requiring residency of its employees null and void." Id. at ¶ 1 (footnotes deleted).
 {¶ 10} In Cleveland Fire Fighters, this court observed that "[t]he instant case presents a threshold declaratory judgment claim to determine whether R.C. 9.481 nullifies the City of Cleveland's residency requirement, and this court does not have jurisdiction to consider such a claim." Id. at ¶ 23. Similarly, as was observed above, relators' entire argument in support of their assertion that they have a clear legal right to relief and that respondents have a corresponding duty is based upon relators' contention that R.C. 9.481 is constitutional and supersedes the City's residency requirement. As a consequence, we must conclude — as this court did in Cleveland Fire Fighters--that the "the complaint does not state a cause of action for mandamus, but one for declaratory judgment and a prohibitory injunction." Id. at 25.
 {¶ 11} Additionally, we reject relators' arguments that they have complied with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the *Page 9 
claim. The affidavits accompanying the complaint merely state that "to Affiant's knowledge, information and belief, the averments of the Verified Petition/Complaint and Exhibits are true * * *." The additional statements that relators "have no adequate remedy of law and will suffer irreparable and immediate injury" do not specify the details of the claim. Failure to comply with Loc.App.R. 45(B)(1)(a) is an additional basis for dismissing this action. See, e.g., Turner v. Russo, Cuyahoga App. No. 87852, 2006-Ohio-4490, at ¶ 8.
 {¶ 12} Accordingly, respondents' motion to dismiss is granted. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
MARY EILEEN KILBANE, P.J., and
 CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1