{¶ 1} Defendant-appellant, the city of Cleveland, appeals the February 20, 2007 trial court judgment reversing the decision of the Civil Service Commission that terminated plaintiff-appellee, William Ruck's, position with the Cleveland Fire Department. For the reasons that follow, we affirm.
 {¶ 2} The record before us demonstrates that Ruck began his employment with the city of Cleveland as a fire fighter in 1998. Ten years prior to being employed with the city, Ruck purchased a house located at 10626 Thrush Avenue, Cleveland, Ohio. Sometime in 2001, Ruck purchased another house located at *Page 3 
27341 Bagley Road, Olmsted Township, Ohio. After Ruck purchased the Olmsted Township house, the city received an anonymous tip that he was residing at the Olmsted Township house and not within the city of Cleveland, as required by Section 74 of the Cleveland Charter. Pursuant to the tip, the city began an investigation into Ruck's residency. The investigation spanned three months in 2002, six months in 2004 and seven months in 2005, and consisted of video surveillance of the Cleveland and Olmsted Township houses.
 {¶ 3} At the conclusion of the investigation, Marion Wheeler, project coordinator for the city's residency program, concluded that Ruck was residing at the Olmsted Township residence. The matter was heard before a referee, who recommended Ruck's termination, and the appointing authority (the city) concurred.
 {¶ 4} Ruck appealed his termination to the Civil Service Commission. A hearing was held by the commission, and it thereafter upheld the decision to terminate Ruck. Ruck appealed the commission's decision to the common pleas court, which set a briefing schedule for consideration of the appeal. After the parties' briefs had been filed, and without an oral hearing, the court issued a judgment reversing the commission's decision terminating Ruck, and reinstating him to his position. The city presents two errors for our review. *Page 4 
 {¶ 5} In its first assignment of error, the city contends that the trial court abused its discretion by determining that the commission's decision was not supported by reliable, probative and substantial evidence. We disagree.
 {¶ 6} A city employee who has been discharged for violating a city's residency requirement may appeal from a decision of the municipal civil service commission to the common pleas court pursuant to R.C. 124.34 and119.12, or under R.C. Chapter 2506. See, e.g., Ward v. Cleveland, Cuyahoga App. No. 79946, 2002-Ohio-482; Maple Heights v. Karley, (Nov. 23, 1977), Cuyahoga App. No. 36564. Here, Ruck elected to prosecute his appeal pursuant to R.C. 124.34 and 119.12.
 {¶ 7} It is well established that administrative appeals brought pursuant to R.C. 124.34 and 119.12 are subject to trial de novo.Wolf v. Cleveland, Cuyahoga App. No. 82135, 2003-Ohio-3261, at ¶ 8. The common pleas court may substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact. Id., citing Newsome v.Columbus Civ. Serv. Comm. (1984), 20 Ohio App.3d 327, 486 N.E.2d 174. A trial court must not simply determine if the ruling of the commission was arbitrary or capricious, the standard for appeals brought pursuant to R.C. Chapter 2506, but must evaluate the evidence anew.
 {¶ 8} The initial burden of furnishing proof of his Cleveland residency in accordance with the Civil Service Rules was upon Ruck.Ward, supra, at 10. If his *Page 5 
documentary evidence satisfied the Civil Service Rules regarding proof of residency, the court of common pleas was obligated to then place the burden upon the city to demonstrate by a preponderance of the evidence that Ruck's proofs were a sham and his bona fide residence was located outside of Cleveland. Id.; Cupps v. Toledo (1961), 172 Ohio St. 536,539, 179 N.E.2d 70.
 {¶ 9} In reviewing the common pleas court's decision on an administrative appeal pursuant to R.C. 124.34 and 119.12, the appellate court's review is limited to a determination of whether the common pleas court's decision is supported by reliable, probative and substantial evidence and is in accordance with law. Wolf, supra at T|10, citing R.C.119.12; Arlen v. State (1980), 61 Ohio St.2d 168, 399 N.E.2d 1251;Ohio State Bd. of Pharmacy v. Poppe (1988), 48 Ohio App.3d 222,549 N.E.2d 541. This court's review, therefore, is limited to a determination of whether the court of common pleas abused its discretion. Id., citing In re Barnes (1986), 31 Ohio App.3d 201, 208,510 N.E.2d 392. Abuse of discretion suggests more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 10} This court has expounded upon the abuse of discretion standard, stating:
 {¶ 11} `"The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to *Page 6 
have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" In re Barnik, Cuyahoga App. No. 88334,2007-Ohio-1720, atT{9, quoting State v. Jenkins (1984),15 Ohio St.3d 164, 222, 473 N.E.2d 264.
 {¶ 12} Upon review, we do not find that the trial court's decision was "so palpably and grossly violative of fact and logic" that it demonstrates perversity of will, defiance of judgment, or bias. The city requested documentary evidence of Ruck's residency on several occasions after he purchased the Olmsted Township house. On each occasion, Ruck provided satisfactory proof. In fact, the commission noted Ruck's compliance by placing the word "None" next to the line on its form that reads "Documents Still Needed." The city did not make any further requests for documentation of Ruck's residency prior to the hearing before the referee. Thus, the burden was on the city to show by a preponderance of the evidence that Ruck's documentary evidence was a sham and his bona fide residence was located outside Cleveland.
 {¶ 13} The city argues that the trial court, in finding that the city's termination of Ruck was not supported by reliable, probative and substantial evidence, relied on inadmissable evidence (i.e., the arguments of Ruck's counsel). We are not persuaded. *Page 7 
 {¶ 14} The trial court had the complete record of the administrative proceedings below before it, which consisted of all the evidence submitted and the testimony taken at the hearings before the referee and the commission. In its judgment reversing the commission, the court stated, in relevant part, the following: "Upon consideration of the record, this court finds that the decision of the Civil Service Commission is not supported by reliable, probative and substantial evidence[.]" There is nothing in the trial court's judgment that supports the city's argument that the court relied on impermissible evidence.
 {¶ 15} Moreover, we are not persuaded by the city's reliance onSenn v. Cleveland, Cuyahoga App. No. 84598, 2005-Ohio-765. InSenn, this court affirmed the trial court's judgment affirming an order of the Civil Service Commission finding that Senn did not reside in the city. Although the result reached in Senn was the result the city desires in this case, it cannot be overlooked that the standard of review is abuse of discretion. In Senn, this court did not find that the trial court abused its discretion "in holding that the Commission's order finding that Senn was not a bona fide resident of Cleveland was supported by a preponderance of the evidence." Senn at T|29. As already discussed, the abuse of discretion standard is not easily overcome, as discretion involves "a determination of competing interests." In reBarnik, supra. So long as the trial court's decision is not "grossly violative of fact and logic," this court is bound to find that it did not abuse its discretion. *Page 8 
 {¶ 16} The city argues that although during the administrative proceedings, "Ruck was represented by counsel and had the opportunity to present witnesses and evidence and challenge the City's evidence[,] * * * Ruck presented one document and his own testimony." The burden, however, was on the city at that point.
 {¶ 17} The city also argues that the surveillance evidence shows a significant presence of, and activity by, Ruck at the Olmsted Township house and, thus, demonstrated that he actually resided there. Ruck, however, testified that he resided at the Cleveland house, which he purchased ten years prior to his employment with the city. He also testified that he was registered to vote in the city of Cleveland and, in fact, did vote in the city's elections. Ruck further explained that he purchased the Olmsted Township house as a place from which to run his side business, Custom Built Windows. Specifically, Ruck explained that he has a large truck and trailer, expensive tools, and anywhere from 12 to 100 windows at any given time for the operation of his business, all of which, unlike at his property in Cleveland, could appropriately and safely be stored at the Olmsted Township property, which is located on an acre of land with a four-and five-car pole barn. The address for Custom Built Windows is the Olmsted Township address.
 {¶ 18} On this record, we do not find that the trial court abused its discretion in its determination of the "competing interests" presented. Accordingly, the first assignment of error is overruled. *Page 9 
 {¶ 19} In its second assignment of error, the city contends that the trial court erred by not holding a hearing. R.C. 119.12 provides:
 {¶ 20} "Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. * * *
 {¶ 21} "The court shall conduct a hearing on the appeal[.] * * * The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to a civil action. At the hearing, counsel may be heard on oral argument, briefs may be submitted, and evidence may be introduced if the court has granted a request for the presentation of additional evidence."
 {¶ 22} In Ohio Motor Vehicle Dealers Bd. v. Central Cadillac Co.
(1984), 14 Ohio St. 3d 64, 471 N.E.2d 488, the Ohio Supreme Court addressed whether R.C. 119.12 requires the common pleas court to conduct an oral hearing on an appeal from an agency adjudication. The Court held that:
 {¶ 23} "R.C. 119.12 requires only a hearing. The hearing may be limited to a review of the record, or, at the judge's discretion, the hearing may involve the acceptance of briefs, oral argument and/or newly discovered evidence." Id. at 67.
 {¶ 24} In light of this decision by the Supreme Court, it is apparent that a common pleas court may limit the hearing as set forth in R.C.119.12 to a review of the record and the parties' briefs if it so desires. Moreover, the record is devoid of *Page 10 
any request by the city for an oral argument or submission of newly discovered evidence. Accordingly, the second assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1