NEWSOME, APPELLANT, *v.* MUNICIPAL CIVIL SERVICE COMMISSION OF COLUMBUS, APPELLEE.

---

---

328

(No. 84AP-322—Decided
September 20, 1984.)

*Robert P. DiRosario,* for appellant.
*Gregory S. Lashutka,* city attorney,
*Ronald J. O'Brien,* city prosecutor, and
*Debi Everson,* for appellee.

NORRIS, J. Appellant, Dennis E. Newsome, was removed from his position as a member of the Columbus Fire Department as the result of his having been charged with striking a fellow fire fighter, Ernest Lewis, with a crowbar. The incident occurred in the parking lot of the fire station, approximately five minutes before Lewis was to report for duty.

Newsome appealed to the Municipal Civil Service Commission of Columbus ("commission") which, following an evidentiary hearing, affirmed the removal. Newsome then appealed to the court of common pleas which later dismissed the appeal for failure of Newsome to prosecute his appeal. We reversed in *Newsome* v. *Mun. Civ. Serv. Comm. of Columbus* (Nov. 16, 1982), Franklin App. No. 82AP-37, unreported.

Upon remand the court of common pleas conducted a hearing, reviewed the evidence adduced at that hearing and the record from the commission, and found that the removal "was supported by the record and proven by a preponderance of the evidence," and affirmed the removal.

Newsome raises three assignments of error:

"1. In an appeal from the Municipal Civil Service Commission of Columbus to the Franklin County Court of Common Pleas the appellant is entitled as a matter of law to a trial *de novo*.

"(* * *)"

By his first assignment of error, Newsome contends that his appeal to the court of common pleas, pursuant to R.C. 124.34, includes the unlimited right to present evidence, including the examination of witnesses of his choosing. The court of common pleas, while agreeing that the appeal was a *de novo* review, limited the evidence to that which appeared in the record from the commission plus any additional evidence which appellant wished to submit, so long as it was in the nature of newly discovered evidence.

R.C. 124.34 provides an appeal for members of police or fire departments who are removed from their positions for disciplinary reasons:

"In the case of the * * * removal of * * * any member of the police or fire department * * * [a]n appeal on questions of law and fact may be had from the decision of the * * * civil service commission to the court of common pleas * * *."

The scope of this appeal on questions of law and fact is governed by the provisions of R.C. Chapter 2505 insofar as they are applicable. *In re Locke* (1972), 33 Ohio App. 2d 177 [62 O.O.2d 276]. Among the applicable provisions is R.C. 2505.21 which provides in part:

"An appeal taken on questions of law and fact entitles the party to a hearing and determination of the facts de novo which shall be upon the same or amended pleadings. The court shall review the final order, judgment or decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken, such evidence to be presented in the manner and form prescribed by the court."

R.C. 2505.21 entitled Newsome to a *de novo* determination of the facts. This means that the court of common pleas was empowered to substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact. The court was then to dispose of all issues of law and of fact as though no proceedings had been held before the commission. *Lincoln Properties* v. *Goldslager* (1969), 18 Ohio St. 2d 154 [47 O.O.2d 316].

Where a record has been preserved of the testimony of witnesses presented before the commission, the statute does not grant to an appealing fire fighter the *right* to present evidence through the testimony of witnesses in the court of common pleas. Instead, it grants him the *privilege* of seeking to present additional evidence in that form, and the granting of that request is within the sound discretion of the court. *Lincoln Properties* v. *Goldslager, supra*. A *de novo* determination of the facts from the record is the equivalent of a trial *de novo. Lincoln Properties* v. *Goldslager, supra; Cupps* v. *Toledo* (1961), 172 Ohio St. 536 [18 O.O.2d 82].

We cannot agree with Newsome's contention that the Supreme Court's opinions in *Lincoln Properties* and *Cupps* are inconsistent and that *Cupps* supports his position. The Supreme Court in *Cupps* held that a police officer who appeals under what is now R.C. 124.34 on questions of law and fact is entitled to the same trial *de novo* before the court of common pleas as would have been the case under the appeal on questions of law and fact to a court of appeals — which was permitted prior to the adoption of the Rules of Appellate Procedure. The Supreme Court was not presented with the question of what forms of evidence an appellate court was required to entertain under a law and fact appeal in view of the 1955 amendment to R.C. 2505.21. That question was raised and addressed by the Supreme Court in *Lincoln Properties,* when it observed at pages 162-163 that:

"Although the General Assembly * * * removed from that conglomerate of rights comprising the appeal on questions of law and fact the right which permitted a party 'to have a witness testify in the presence of the appellate court' [citations omitted], and converted that right into a privilege within the discretion of that court, it did not extinguish the right of any party, as it might have done, 'to a hearing and determination of the facts *de novo* * * * upon the same or amended pleadings' (Section 2505.21, Revised Code) or to have the Court of Appeals 'weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case.' (Section 2501.02, Revised Code.)

"* * *

"Hence, the statutory changes of 1955 have placed the Courts of Appeals, in appropriate cases, in virtually the same position as they might have been 'under the old English chancery practice [where] the evidence was required to be all reduced to writing, and the chancellor refused to hear witnesses orally'

[citation omitted]; or in the same position as that of a trial judge when a case is presented chiefly upon depositions and other documentary evidence; or of any tribunal hearing a cause upon a record made before, and findings rendered by, a master commissioner, referee or examiner.

"A trial in such form is no less a trial. Nor is it any less a trial because the court is required to read the record as if the witnesses are speaking with their own lips and determine the facts as if in the first instance. * * *"

We conclude that Newsome had the right to a *de novo* review of the record and, subject to the sound discretion of the trial court, the privilege of presenting additional evidence. The question remaining, then, is whether the court of common pleas abused its discretion in limiting his presentation of additional evidence.

By written motion, Newsome sought to "adduce additional evidence which he was not permitted to present at his hearing before the Municipal Civil Service Commission of Columbus, Ohio, and newly discovered evidence which did not come to his attention * * * until after the hearing * * *." Cited as additional evidence was testimony that the appointing authority had ignored fights involving other fire fighters. The newly discovered evidence sought to be elicited was that Lewis was denied injury leave because the incident occurred before duty hours.

The court of common pleas ruled that Newsome could present additional evidence if it were newly discovered evidence which by due diligence could not have been discovered at the time of the hearing. Following the ruling, Newsome made no general proffer of evidence but proceeded to call witnesses.

He first called Lewis for the purpose of showing that his request for injury leave was denied on the ground that it was not service connected. The court allowed this evidence. The proffered testimony of Diana Russell, a fire fighter, that she had witnessed a fight between fire fighters after the date of the hearing was excluded on the ground of irrelevancy. The trial court permitted the testimony of Robert Lee concerning a fight in which he was involved as a fire fighter, other fights that he had seen, and the appointing authority's policy of not dismissing those involved in the fights. The court ordered stricken, upon the ground of irrelevancy, the testimony of a physician who vouched for Newsome's diligence as an orthopedic technician when he had worked with him four years before the incident, said he had not observed Newsome as a fire fighter, and described him as a non-violent person. The court also excluded the testimony of witnesses, apparently called to give character testimony, on the ground that they had been available to testify at the time of the hearing. Finally, the court sustained an objection to testimony from appellant that he had investigated altercations between fire fighters during duty hours, on the basis that it would involve hearsay and was not newly discovered evidence.

Although we do not agree with the position of the court of common pleas that the only additional testimony which could properly be received was newly discovered evidence which by due diligence could not have been discovered at the time of hearing, we are unable to say that the trial court abused its discretion in excluding the additional evidence which Newsome actually proffered, especially in ·view of his failure to demonstrate that he was prejudiced by its exclusion. The court did permit additional evidence on the points raised by Newsome's motion. Because his argument centered not around the fact of his having injured Lewis, but as to whether the altercation occurred while the two were on duty or in uniform, and the ex-

tent of the injury, the proffered testimony concerning appellant's reputation as a nonviolent person was of doubtful relevancy.

Accordingly, under the circumstances of this case, Newsome was afforded the hearing and determination of the facts *de novo* as contemplated by R.C. 2505.21, and his first assignment of error is overruled.

* * *

The assignments of error are overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and STILLMAN, J., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.