IN RE SUSPENSIONS OF EVANS ET AL.; BAGGETT ET AL., APPELLANTS, *v.* CITY OF LONDON, APPELLEE.

(No. CA86-11-028—Decided June 29, 1987.)

*Ronald C. Parsons,* for appellants.
*Steven P. Beathard,* law director, for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Madison County.

On July 11, 1985, appellant Wilbur G. Evans, a police sergeant with the city of London, came on duty at 11:00 p.m. At 11:45 p.m., Evans reported to the dispatcher that he was ill, and asked the dispatcher to call the police chief, James Bates. The dispatcher was unable to reach the police chief, and was instructed by Evans to call the safety director, John Ames. Ames directed the dispatcher to obtain a substitute, but the dispatcher was unable to do so. Evans was taken home by a patrolman at approximately 11:45

p.m. At 12:19 a.m., the police chief was notified that Evans was ill, and Chief Bates advised that he would be en route to the police station.

At midnight the same evening, appellant Sergeant Linda Baggett came on duty and was told to proceed to the Madison County Fairgrounds regarding an incident which had occurred at the fair. At 12:21 a.m., Baggett informed the dispatcher that she was going home due to illness. After being informed by an officer that Evans had gone home, Baggett asked to be taken back to the station. Chief Bates was notified and instructed Baggett to call him. Baggett apparently attempted to do so, but was unsuccessful.

On July 12, 1985, both Evans and Baggett were suspended without pay for fifteen days for failure to properly leave their shifts. The suspensions were approved on July 16, 1985, by the safety service director.

Evans and Baggett appealed to the Civil Service Commission of London. The two members of the commission who heard the appeal failed to reach a unanimous decision, and stated that the suspensions would remain in effect.

Evans and Baggett then appealed to the Madison County Court of Common Pleas, which also upheld the suspensions.

Appellants timely filed the instant appeal naming four assignments of error as follows:

Assignment of Error No. 1:

"The civil service commission's vote was one for affirmance and one for disaffirmance of the order of the Safety Director; therefore, the City did not meet its burden of proof and plaintiffs must be reinstated."

Assignment of Error No. 2:

"The decision of the city of London is not supported by a preponderance of reliable, probative and substantial evidence."

Assignment of Error No. 3:

"In approving appellants' sick leave and deducting the days from accumulated sick leave, the city of London cannot suspend the appellants for gross neglect of duty by taking a sick leave."

Assignment of Error No. 4:

"The appellants were not accorded a pre-suspension hearing, and therefore their suspension[s] * * * [were] without due process and contrary to law."

Because of our disposition of this appeal, we will first address the second assignment of error.

Appellants in the case at bar chose to prosecute their appeals to the court of common pleas under R.C. 124.34 and R.C. Chapter 2505. Thus, "the court of common pleas was empowered to substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact. * * *" *Newsome* v. *Columbus Civ. Serv. Comm.* (1984), 20 Ohio App. 3d 327, 329, 20 OBR 430, 431, 486 N.E. 2d 174, 177.

The record shows that appellants were suspended for gross neglect of duty for failure to adhere to proper procedure for going off duty by leaving their shifts without making provisions for adequate replacements. However, there appears to have been no written procedure to be followed when an officer became ill. The city safety director testified that the policy *should* be that the officers remain at the police station until replacements were secured. However, this policy was never expressed to members of the department.

It appears from the record that by custom and practice officers who became ill at work were required to notify their superiors before going home. Both officers followed this procedure, yet neither was directed or

ordered to remain on the job, nor to return once they had left.

It is clear that there was no duty to remain at the station after notification of superiors absent orders to the contrary. Therefore, there was no neglect of duty by appellants and there is no evidence to support the decision of the trial court. Thus, appellants' second assignment of error is sustained.

Because of our disposition of the second assignment of error, appellants' first, third and fourth assignments of error are declared moot.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

HENDRICKSON, P.J., KOEHLER and YOUNG, JJ., concur.