JOURNAL ENTRY AND OPINION
Defendant-Appellant, The City of Cleveland (the "City") appeals the decision of the Cuyahoga County Court of Common Pleas reversing the order of the Civil Service Commission (the "Commission") affirming the finding that police officer Timothy Ward ("Ward") failed to establish residency in the City of Cleveland. For the foregoing reasons, we affirm.
The Cleveland Police Department hired Ward as a patrol officer on March 26, 1991. As an employee of the City, Ward was obligated to reside within the City. It is undisputed that Ward and his wife lived in Cleveland until selling their home on Maple Cliff Road on July 30, 1997, prior to their legal separation. Ward then purchased a trailer home in August 1997, also located within Cleveland, where he lived. The City argued that the trailer home residence was a ruse and that Ward's actual residence was located in Munson Township where Ward and his wife began building a home in March 1997 and signed a mortgage for the home in September, 1997.[1]
After receiving a complaint that Ward resided outside of Cleveland, an investigation was initiated, which included limited surveillance of Ward's trailer home and the Munson Township property. Ward was observed at, and driving to work from, the Munson Township property. Ward explained this by testifying and submitting evidence that, after the suicide death of his partner, the Cleveland Police Department stress counselor recommended that he spend time with his family. At the Commission hearing, Ward submitted various documents evidencing his name and address at the trailer home, including but not limited to, utility bills, tax records and his motor vehicle registration and driver's license. The City submitted documents indicating Ward's name and address at the Munson Township property, including but not limited to, the joint and survivorship deed, utility bills, loan and tax documents. Ward called upon two neighbors who testified, inter alia, that they often saw Ward coming and going from his trailer home in Cleveland.
On January 31, 2000, a residency hearing was held before the Commission Referee who dismissed Ward as a police officer for failure to establish residency within Cleveland. Ward appealed this decision to the Commission which denied the appeal and affirmed the findings of the Referee.
On August 14, 2000, Ward filed a notice of appeal from such order with the Cuyahoga County Court of Common Pleas. On June 13, 2001, the judge reversed the decision of the Commission and reinstated Ward as a police officer for the City of Cleveland. This appeal follows.
The City's single assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN, IN APPLYING A DE NOVO STANDARD OF REVIEW OF A CIVIL SERVICE COMMISSION DECISION, THE TRIAL COURT IMPROPERLY SHIFTED THE BURDEN OF PROOF TO THE APPOINTING AUTHORITY.
At the outset, it should be noted that we have not been asked to weigh the evidence submitted in this case. The only question before us is whether, on appeal, the trial court correctly placed the burden of proof upon the City to prove that Ward resided outside of the City of Cleveland.
In Giannini v. City of Fairview Park (Aug. 19, 1999), Cuyahoga App. No. 74190, unreported, this court stated,
 [a] court of common pleas is required to conduct a trial de nova of the proceedings held before a civil service commission whenever a police officer is removed from his or her employment. Cupps v. Toledo
(1961), 172 Ohio St. 536, 179 N.E.2d 70, at paragraph two of the syllabus; Akron v. Williams (1996), 109 Ohio App.3d 848, 673 N.E.2d 221. The evidence must be considered anew as if there had been no proceeding before the commission. Lincoln Properties, Inc. v. Goldslager (1969), 18 Ohio St.2d 154, 248 N.E.2d 57. The court of common pleas may substitute its own judgment on the facts for that of the civil service commission, based upon the court's independent examination and determination of conflicting issues of fact. Newsome v. Columbus Civ. Serv. Comm. (1984), 20 Ohio App.3d 327, 486 N.E.2d 174. The appointing authority must prove the truth of the charges by a preponderance of the evidence. Cupps, supra.
The trial court correctly applied a de novo standard of review of the Commission's decision regarding the dismissal of Ward. As such, we then look to the decision in Steckler v. Ohio State Boardof Psychology (1992), 83 Ohio App.3d 33, 36; 613 N.E.2d 1070, 1072. In Steckler, this court determined that,
 In reviewing a decision of a court of common pleas on an appeal from an administrative disciplinary proceeding, the limited function of the court of appeals is to determine whether the decision of the court of common pleas is supported by reliable, probative and substantial evidence and is in accordance with law. R.C. 119.12; Arlen v. State (1980), 61 Ohio St.2d 168, 15 O.O.3d 190, 399 N.E.2d 1251; Ohio State Bd. of Pharmacy v. Poppe
(1988), 48 Ohio App.3d 222, 549 N.E.2d 541; see In re Owner-Trainer Topper (1959), 109 Ohio App. 289, 11 O.O.2d 49, 165 N.E.2d 19. This court is limited to a determination of whether the court of common pleas abused its discretion. Angelkovski v. Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280; see In re Barnes (1986), 31 Ohio App.3d 201, 208, 31 OBR 470, 477, 510 N.E.2d 392, 399. (Emphasis added).
Therefore this court determines whether the trial court decision is supported by reliable, probative and substantial evidence and is in accordance with law. This court finds no abuse of discretion.
Based on Rule 17.30 of the Civil Service Commission, the City argues that the burden of proof is upon Ward to prove his residency within Cleveland by a preponderance of the evidence and that the trial court improperly placed the burden of proof upon the City.
Rule 17.30 provides in part as follows:
 At the hearing before the Referee, the officer or employee shall have the opportunity to be heard in person, and may be represented by counsel in his/her own defense, and shall have the burden of proof of establishing, by a preponderance of the evidence, such officer or employee's status as a bona fide resident of the City of Cleveland pursuant to the requirements of Charter Section 74 and Section 17.10 of these rules. (Emphasis added.)
The Ohio Supreme Court has stated that,
 "[a]dministrative and judicial review of the suspension, demotion or removal of a police officer must be conducted pursuant to R.C. 124.34, which provides in pertinent part:
 `In the case of the suspension * * * or removal of * * * any member of the police or fire department of a city or civil service township, * * * [a]n appeal on questions of law and fact may be had from the decision of the municipal or civil service township civil service commission to the court of common pleas in the county in which such city or civil service township is situated. * * *'
Chupka v. Saunders (1986), 28 Ohio St.3d 325, 327, 504 N.E.2d 9,10.
In its opinion, the trial court acknowledges that the "employee must furnish proof of Cleveland residency in accordance with the Civil Service Rules * * *. The record before the Court amply demonstrates that the documentary evidence submitted by the Plaintiff satisfied the Civil Service Rules regarding proof of residency." The trial court then properly required that the City "demonstrate by a preponderance of the evidence that Plaintiff's proofs were shams * * * and that his true bona fide residence was located outside of Cleveland, Ohio."
The Ohio Supreme Court has determined this issue and held that,
 [i]n an `appeal' from an order of dismissal of a member of a police department to the civil service commission of the municipality, the burden is upon the appointing authority to prove by a preponderance of the evidence the truth of the charges filed.
 The appeal on questions of law and fact from the affirmance by a civil service commission of a municipality of an order of dismissal of a member of the police department, taken pursuant to Section 143.27, Revised Code, is a trial de novo, and the burden in such trial is upon the appointing authority
to prove by a preponderance of the evidence the truth of the charges theretofore filed with such commission. (Emphasis added).
Cupps v. Toledo (1961), 172 Ohio St. 536, 179 N.E.2d 70, paragraphs one and two of the syllabus.
In its argument, the City improperly relies upon Zuljevic v.Midland-Ross (1980), 62 Ohio St.2d 116, 403 N.E.2d 986, as the basis for this Court to place the burden of proof upon Ward. However, Zuljevic is distinguishable in that it is a determination regarding worker's compensation and R.C. Chapter 4123.
Courts have similarly held, "[t]he present law and fact provision has been construed to grant a de novo trial upon an appeal pursuant to R.C.143.27, and the burden of proof, by a preponderance of the evidence upon the charges, is upon the appointing authority. Cupps v. Toledo, supra."In re Locke (1972), 33 Ohio App.2d 177, 180, 294 N.E.2d 230, 233.
Under 17.30 of the Cleveland Rules of the Civil Service Commission, Ward bears the burden of proof to establish his residency within Cleveland. However, upon Ward's appeal of the judgment of the Commission, the court of common pleas was obligated to place the burden of going forward upon the City to present evidence which refuted Ward's evidence of residency. The trial court found,
 [I]n light of the documentary evidence and unrefuted testimony presented by the Plaintiff and his witnesses, this Court emphatically holds that such evidence neither establishes a Munson residence nor disproves a [Cleveland] residence by the preponderance of the evidence. * * * Simply put, this Court believes, consistent with the standard of review set forth by the legislature and case law precedent, that the City must show more than this before the Court will endorse the removal of Plaintiff from his very livelihood as a police officer.
We conclude that based upon the trial court's de novo consideration of the evidence and its findings, it correctly reviewed the proofs and evidence presented by Ward pursuant to Rule 17.30 and his burden of proof at the Commission hearing level and then correctly placed the burden upon the City, in accordance with the law, on appeal, to refute this evidence.
The trial court found that,
 The record before the Court amply demonstrates that the documentary evidence submitted by the Plaintiff satisfied the Civil Service Rules regarding proof of residence. The City presented no evidence that these documents were somehow false or fraudulent. In fact, the Commission referee himself agreed that the documents presented by the Plaintiff `on their face' demonstrated that Plaintiff resided [in Cleveland].
Applying the standard set forth in Steckler, we find that the trial court did not abuse its discretion when it reversed the decision of the Commission. Accordingly, the City's single assignment of error is overruled. Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND ANNE L. KILBANE, J., CONCUR.
[1] Ward testified that the Munson Township property was transferred by his in-laws to him and his wife by joint and survivorship deed for the purpose of constructing a home where his wife and two children would live after the separation was finalized.