JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Anthony E. Missig (appellant) appeals the decision of the trial court to uphold the City of Cleveland's (the City) termination of his employment as Battalion Chief with the City's Division of Fire, due to violations of Cleveland City Charter § 74(a), which is more commonly known as the residency requirement. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} In 1999, [1] appellant and his wife, Francis Wetula, separated, and the family moved out of their residence on West 158th
Street in Cleveland. Wetula and the couple's children[2] moved to a home in Bay Village. Appellant moved in with his mother, who was living at 3430 Doris Avenue in Cleveland.
 {¶ 3} On March 27, 2003, appellant purchased a condominium at 10301 Lake Avenue in Cleveland. On May 12, 2003, the City notified appellant that he was being investigated for violating the City's residency requirement, which states that "every *** employee of the City of Cleveland *** shall *** be *** a bona fide resident of the City of Cleveland." According to appellant, he moved into the condo in July 2003. The investigation continued over the next couple of years, mainly with an investigator taking videotape surveillance of appellant's presence at the Bay Village home. *Page 4 
 {¶ 4} In 2006, the City notified appellant that he was in violation of the City's residency requirement, as it suspected he was residing with his wife and children in Bay Village. A hearing was scheduled before a referee on March 29, 2007. The referee issued a fact-finding decision that recommended that appellant not be discharged from employment. However, on July 10, 2007, Cleveland Safety Director Martin Flask (Flask) terminated appellant.
 {¶ 5} Appellant appealed to the Civil Service Commission (the Commission), and a hearing was held on September 14, 2007. The Commission upheld Flask's decision to discharge appellant. On October 5, appellant filed an administrative appeal with the Cuyahoga County Court of Common Pleas. On June 3, 2008, the court affirmed the administrative proceedings, concluding as follows: "Based upon the careful consideration of the evidence presented on behalf of both parties, the court finds appellant was in violation of the City's residency requirements and affirms the decision of the Director of Public Safety, Martin Flask, terminating appellant's employment with the City of Cleveland."
 II {¶ 6} In his first assignment of error, appellant argues that "the trial court incorrectly found that the City's decision to terminate Chief Missig was supported by reliable, probative and substantial evidence."
 {¶ 7} In the instant case, appellant appealed the Commission's decision to the court of common pleas pursuant to R.C. 124.34 and119.12. We recently set *Page 5 
forth the standard of review for municipal residency requirement violation appeals in Ruck v. Cleveland, Cuyahoga App. No. 89564,2008-Ohio-1075:
 "It is well established that administrative appeals brought pursuant to R.C. 124.34 and 119.12 are subject to trial de novo. Wolf v. Cleveland, Cuyahoga App. No. 82135, 2003-Ohio-3261, at P8. The common pleas court may substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact. Id., citing Newsome v. Columbus Civ. Serv. Comm. (1984), 20 Ohio App.3d 327, 20 Ohio B. 430, 486 N.E.2d 174. A trial court must not simply determine if the ruling of the commission was arbitrary or capricious, the standard for appeals brought pursuant to R.C. Chapter 2506, but must evaluate the evidence anew.
 "The initial burden of furnishing proof of his Cleveland residency in accordance with the Civil Service Rules was upon Ruck. Ward, supra, at P10. If his documentary evidence satisfied the Civil Service Rules regarding proof of residency, the court of common pleas was obligated to then place the burden upon the city to demonstrate by a preponderance of the evidence that Ruck's proofs were a sham and his bona fide residence was located outside of Cleveland. Id.; Cupps v. Toledo (1961), 172 Ohio St. 536, 539, 179 N.E.2d 70.
 "In reviewing the common pleas court's decision on an administrative appeal pursuant to R.C. 124.34 and 119.12, the appellate court's review is limited to a determination of whether the common pleas court's decision is supported by reliable, probative and substantial evidence and is in accordance with law. Wolf, supra at P10, citing R.C. 119.12; Arlen v. State (1980), 61 Ohio St.2d 168, 399 N.E.2d 1251; Ohio State Bd. of Pharmacy v. Poppe (1988), 48 Ohio App.3d 222, 549 N.E.2d 541. This court's review, therefore, is limited to a determination of whether the court of common pleas abused its discretion. Id., citing In re Barnes (1986), 31 Ohio App.3d 201, 208, 31 Ohio B. 470, 510 N.E.2d 392. Abuse of discretion suggests more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140." *Page 6 
 {¶ 8} We note that the referee in the instant case found that appellant's "initial documentation showing a one-bedroom condominium on Lake [Avenue] in Cleveland is prima facie sufficient. The burden, therefore, is on the City." In addition, the court made the following findings regarding what the City offered as evidence:
 "The City presented substantial evidence demonstrating appellant is not a bona fide Cleveland resident. Appellant claims he is estranged from his wife, and she and the children are the only ones living in the Bay Village home. There is simply no credible evidence to support this assertion. Despite the alleged separation over ten years ago, no legal action has ever been taken to terminate the marriage. Appellant admits to paying all of the bills at the Bay Village home. Appellant's name is on the deed and the mortgage to the Bay Village home. The City conducted surveillance of appellant at his home in Bay Village. Appellant was seen routinely performing outdoor chores and bringing in the mail. Appellant claims he only visited the Bay Village home to spend time with his children, however, the City presented surveillance footage that places appellant at the home when the rest of the family was not."
 {¶ 9} We must now look at the record to see if the court's decision is supported by reliable, probative, and substantial evidence, or in other words, whether the court abused its discretion. At the hearing before the referee, appellant testified that he gives his wife almost all of his paycheck, although there is no formal child support arrangement, and that he goes to the Bay Village address to see his children. Joe Dorsey, a Cleveland firefighter, testified that he lives in the same Lake Avenue condominium complex as appellant, he sees appellant "coming in and out of his apartment space ***, in the mailroom, in the workout room," and that he passes "him in the hallway occasionally."
 {¶ 10} The City, on the other hand, presented evidence that two anonymous letters were written regarding appellant's bragging about how he lives in Bay Village, but the City has no information on this because everything is in his wife's maiden *Page 7 
name. The City also presented evidence that appellant, as well as his wife, is listed on the mortgage documents for the Bay Village house.[3] Bay Village schools reported that Anthony and Frances Missig, who reside at 34030 Manhassett in Bay Village, are the parents of the two Missig children who attend school within the system.
 {¶ 11} The City then introduced into evidence a compilation video of two years of surveillance of appellant at the Bay Village home, taken by the investigator. Asked how many times he went to the Bay Village house and did not see appellant there, the investigator replied, "Almost never," and added that he could not recall a time when at least appellant's car was not there.
 {¶ 12} After taking appellant's and the City's evidence into consideration, the referee issued a report on June 25, 2007. The referee noted that he often sees a pattern of six elements in residency requirement cases: "The pattern where a person is married is that (1) they are separated, but not legally, (2) they have children who live with their mother outside Cleveland, (3) the children attend schools outside Cleveland, (4) the separated spouse lives outside Cleveland, (5) the employee spends time with his family in the suburban home site, and (6) the employee co-owns, or is on the mortgage for the house in the suburbs." The referee noted that the facts of this case fell within the six elements, and this evidence, coupled with the *Page 8 
anonymous letters, "rings alarm bells to any reviewing person." The referee added that the instant case was "quite complicated," and he considered it very close.
 {¶ 13} Ultimately, the referee recommended "no discharge" for appellant; Flask discharged appellant despite the recommendation; the Commission upheld appellant's termination; and the common pleas court affirmed the Commission's ruling.
 {¶ 14} Upon careful review of the evidence that was before the trial court, we do not find that the court's decision was an abuse of discretion. See Lorain City School Dist. Bd. of Educ. v. StateEmployment Relations Bd. (1988), 40 Ohio St.3d 257, 261 (holding that "[a]ppellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so"). Accordingly, appellant's first assignment of error is overruled.
 III {¶ 15} In his second assignment of error, appellant argues that "the administrative process and decision below, as well as the decision of the common pleas court affirming the same, deprived Chief Missig of the requisite due process of law."
 {¶ 16} First, appellant argues that "the City's actions are in clear contravention of R.C. 9.481," which is a state statute prohibiting municipalities from having residency requirements. However, inCleveland v. State of Ohio, Cuyahoga App. Nos. 89486 and 89565,2008-Ohio-2655, this court held that Cleveland City Charter § 74 supercedes R.C. 9.481. This opinion has been accepted for discretionary *Page 9 
review by the Ohio Supreme Court. Cleveland v. State of Ohio,119 Ohio St.3d 1485, 2008-Ohio-5273. Until the Ohio Supreme Court rules upon the issue, we must follow the principle of stare decisis, which mandates that "it is necessary for a court to follow earlier judicial decisions when the same points arise again in litigation." Blacks Law Dictionary (7th Ed. 1999) 1414.
 {¶ 17} Appellant next argues that "the City failed to follow its own administrative rules," when Flask did not detail the basis for his decision as required by civil service rule 17.50. However, appellant cites no case law to support this argument. The record shows that Flask sent a letter to appellant on July 10, 2007, notifying him that after reviewing the referee's report and the evidence submitted at the hearing, he was rejecting the referee's recommendation and terminating appellant's employment. Finally, appellant argues under this assignment of error that "the proceedings below were not `meaningful.'" However, the record shows that both parties were afforded the opportunity to be heard and present evidence at the hearing conducted by the referee, and that appellant was not denied any request to submit evidence or present witnesses.
 {¶ 18} As we find no abuse of discretion in the court's affirming the City of Cleveland's decision to terminate appellant's employment, appellant's second and final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 10 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., CONCURS; FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY.
[1] There is evidence in the record indicating that appellant and his wife separated in 1998 and 1999.
[2] Appellant and Wetula have two children together. It is clear from the record that the oldest child moved with Wetula to Bay Village. However, it is unclear whether the youngest was born at the time of the separation since the date of the separation is unknown.
[3] We note that the court found that appellant's name was on the mortgage and the deed to the Bay Village home. According to the record, his name is only on the mortgage. *Page 1