[Cite as *Pietrick v. Westlake Civ. Serv. Comm.*, 2012-Ohio-6009.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98258

---

# RICHARD O. PIETRICK

### APPELLEE/CROSS-APPELLANT

vs.

# CITY OF WESTLAKE, CIVIL SERVICE COMMISSION, ET AL.

### APPELLANTS/CROSS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-660103

**BEFORE:** Blackmon, A.J., Stewart, J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 20, 2012

**ATTORNEYS FOR APPELLANTS/CROSS-APPELLEES**

John D. Wheeler
Director of Law
Westlake City Hall
Westlake, Ohio 44145

Robin R. Leasure
Assistant Director of Law
Westlake City Hall
27700 Hilliard Boulevard
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE/CROSS-APPELLANT**

Joseph W. Diemert, Jr.
Thomas M. Hanculak
Daniel A. Powell
Joseph W. Diemert, Jr. & Associates Co., L.P.A.
1360 S.O.M. Center Road
Cleveland, Ohio 44124

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellants/cross-appellees, the city of Westlake and its Civil Service Commission (collectively "the City") appeal the trial court's decision placing appellee/cross-appellant, Richard O. Pietrick ("Pietrick"), in the position of captain in the Westlake Fire Department following Pietrick's demotion from Fire Chief to 1st Class Fire Fighter. The City assigns the following error for our review:

> **I. The trial court erred when it modified the penalty of the commission and reinstated appellee to the rank of captain with full seniority, back pay and benefits contrary to the court's opinion and the mandates of ORC §119.12.**

Pietrick also cross-appeals and assigns the following error for our review:

> **I. The trial court erred when it failed to reinstate Pietrick to his position as Fire Chief after conclusively finding that the adverse employment action was not supported by the requisite degree of proof.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On July 28, 1980, the City hired Pietrick as a firefighter paramedic. In March 1989, Pietrick was promoted to lieutenant and in April 1993, he was promoted to captain. In November 1994, after Pietrick had passed a civil service examination, Dennis Clough, the mayor of Westlake ("Mayor Clough"), appointed him to the rank of fire chief.

**{¶4}** Sometime in 2005, the International Association of Fire Fighters ("IAFF"), Local 1814, the union representing the city's fire department rank and file, asked

Westlake to conduct an audit or risk assessment of their fire department. Westlake's city council approved funding and engaged McGrath and Associates ("McGrath"), a consulting firm, to conduct the audit.

{¶5} McGrath concluded, after reviewing the responses of 32 firefighters to a questionnaire, that the Westlake fire department was dysfunctional. McGrath also concluded that Pietrick was not to blame for all the dysfunction, but as the fire chief, bore the ultimate responsibility. In addition, McGrath found that Pietrick was a "visionary," but had a "huge" communication problem. Finally, McGrath recommended that Pietrick take certain steps to improve the department.

{¶6} Mayor Clough and Pietrick discussed McGrath's report, and a decision was made that Pietrick would address the issues raised by the audit. Throughout 2006, Pietrick informed Mayor Clough that he had accomplished some of the recommendations. Believing that the situation had worsened, Mayor Clough commissioned McGrath to issue a follow-up report.

{¶7} In the follow-up report, McGrath indicated that Pietrick had made progress, but noted that issues still remained and that morale was low. The report also indicated that Mayor Clough had openly expressed his lack of confidence in the administration of the fire department. Mayor Clough asked Pietrick to resign, but Pietrick refused.

{¶8} On June 6, 2007, Patrick M. Grealis ("Grealis"), president of the IAFF, Local 1814, sent Pietrick a letter demanding that he discontinue the practice of having subordinate firefighters perform maintenance on vehicles owned and operated by Pietrick

and members of his family. The letter also warned Pietrick that if he retaliated against the firefighters, the union would file an unfair labor practice action against Pietrick. Grealis copied Mayor Clough on the letter sent to Pietrick.

{¶9} On June 13, 2007, Pietrick issued a response to Grealis indicating that he was not aware of any concerns with or any objections to the practice. Pietrick then assured Grealis that he would no longer request assistance in any personal matter or project from firefighters lower in rank. Pietrick also assured Grealis that no adverse action would be taken against the firefighters who brought this issue to light.

{¶10} Thereafter, in a letter dated November 2, 2007, Mayor Clough informed Pietrick that "* * * you have committed acts of misfeasance, malfeasance, nonfeasance, neglect of duty, and failure of good behavior, as provided in R.C. 124.34, and Westlake Civil Service Commission Rule XI." The letter also notified Pietrick that he had been demoted to the position of firefighter and suspended for 30 days without pay.

{¶11} Pietrick was entitled to request an informal hearing before Mayor Clough, however, he skipped that step and appealed the decision directly to the Commission. On November 19, 2007, prior to the Commission taking any action, Mayor Clough convened a pre-deprivation hearing before Gary A. Ebert, the municipal attorney. Ebert found that the repairs to Pietrick's car did in fact occur and that the repairs were performed on the City's time. Ebert also concluded that the evidence and facts were sufficient to warrant the disciplinary action Mayor Clough had taken against Pietrick.

{¶12} On November 30, 2007, a civil service commission hearing was conducted before Dr. David Pincus. On April 30, 2008, Dr. Pincus issued an opinion denying Pietrick's appeal. Subsequently, pursuant R.C. 124.34, Pietrick appealed the Commission's decision to the common pleas court.

{¶13} On March 26, 2012, after briefing and oral argument, the trial court issued a decision affirming in part and reversing in part the Commission's decision. The trial court ordered the City to give Pietrick the rank of captain. The City appeals, and Pietrick cross-appeals, from the trial court's decision.

### Modification of Penalty

{¶14} In the sole assigned error, the City argues the trial court abused its discretion when it modified Pietrick's demotion and placed him in the position of captain of the fire department.

{¶15} R.C. 505.38 provides for the appointment and removal of fire chiefs and firefighters in townships and fire districts with a fire department. R.C. 2506.04 sets the standard of review for appeals taken pursuant to R.C. 2506.01. *Athenry Shoppers Ltd. v. Planning & Zoning Comm. of the City of Dublin, Ohio*, 10th Dist. No. 08AP-742, 2009-Ohio-2230, ¶ 15.

{¶16} Under R.C. 2506.01(A), every final order, adjudication, or decision of any officer, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas in the county where the principal office of the political subdivision is located as provided for in

R.C. Chapter 2505. *Harr v. Jackson Twp.*, 10th Dist. No. 10AP-1060, 2012-Ohio-2030, 970 N.E.2d 1128.

{¶17} When a firefighter appeals his dismissal, R.C. 124.34 controls. *Hall v. Johnson*, 90 Ohio App.3d 451, 629 N.E.2d 1066 (1st Dist.1993). *See also Chupka v. Saunders*, 28 Ohio St.3d 325, 327, 504 N.E.2d 9 (1986). The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *Ponser v. Newark*, 5th Dist. No. 10 CA 42, 2010-Ohio-6073, *Pataskala Banking Co. v. Etna Twp. Bd. of Zoning Appeals*, 5th Dist. Nos. 07-CA-116, 07-CA-117, 07-CA-118, 2008-Ohio-2770, ¶ 13.

{¶18} We begin our analysis by noting that we review the trial court's judgment on the R.C. 124.34(C) appeal from the decision of the civil service commission under an abuse of discretion standard. *Sandusky v. Nuesse*, 6th Dist. No. E-10-039, 2011-Ohio-6497, citing *Raizk v. Brewer*, 12th Dist. Nos. CA2002-05-021, CA2002-05-023, 2003-Ohio-1266, ¶ 10.

{¶19} The term abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying this standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748.

{¶20} In the instant case, the facts that triggered the disciplinary action the City took against Pietrick are largely undisputed. After receiving a copy of the letter from the union president relative to work being done on Pietrick's personal vehicles by firehouse mechanics, Mayor Clough retained the law firm of Walter & Haverfield to investigate the matter. Attorney Jonathan Greenberg conducted an investigation and issued a report that revealed, among other things, that two fire department mechanics indicated that they had done repairs on Pietrick's personal vehicles, while on the firehouse property.

{¶21} One of the mechanics, Todd Spriesterbach, indicated to Greenberg and later testified at an hearing that he had done approximately six personal repair jobs for Pietrick over a five-year period. Spriesterbach indicated that although Pietrick never ordered him to do the repairs, he felt obligated to complete the repairs. Spriesterbach stated that because Pietrick was responsible for the annual reappointments of mechanics, he did not want to jeopardize being reappointed by refusing to do the repairs. Finally, Spriesterbach indicated that Pietrick did not retaliate when he stopped doing the repair work.

{¶22} A second mechanic, Chris Gut, indicated that Pietrick asked him to do repairs on a lawn tractor that Pietrick brought to the fire station. Gut stated that after his initial examination, he told Pietrick that the lawn tractor had a broken rod, but Pietrick insisted that he tear it apart to confirm his diagnosis. Gut also stated that he believed Pietrick wanted him to purchase the part to do the repair, but he told Pietrick he did not

have the time to do either. Gut stated that after some time, Pietrick removed the disassembled lawn tractor from the fire station.

{¶23} The record reveals that Greenberg concluded that Pietrick's conduct was not criminal and was not likely an ethical violation under the laws of Ohio. However, Greenberg found it was inappropriate for Pietrick, given his superior position, to have asked the fire station's mechanics to work on his personal vehicles. Thus, Greenberg recommended that the City take internal measures to punish Pietrick.

{¶24} The City demoted Pietrick to the rank of firefighter. The trial court found at best his conduct was "grossly poor judgment" and merited a demotion to the rank of captain.

{¶25} In this appeal and cross-appeal, the City argues the judge after finding Pietrick's conduct punishable, could not alter the penalty imposed by the city. Pietrick argues that the court should have reinstated him to chief.

{¶26} This court concludes that the following language of the trial court in its de novo authority amounts to a well-reasoned decision and is not unreasonable:

> **\* \* \* Yet against this instance of grossly poor judgment, other facts suggest that the discipline meted out was excessive. Firstly, there was no written work rules or policies in place that were violated. No prior complaints had been lodged. No specific directives or guidelines discouraging such practices were ever issued. Department Mechanics were not expressly told by appellant they were required to perform the repairs in question. No negative work action was ever taken against any one of them for not fulfilling appellant's requests. Finally, when a complaint was formally lodged by the union, appellant readily promised to cease the practice and offered to meet with the union to discuss**

**the matter in greater detail.** (Trial Court's Opinion and Order, Page 9.)

{¶27} Additionally, the trial court gave careful consideration to Pietrick's career spanning more than 25 years, being promoted from firefighter to lieutenant, to captain, and then to fire chief, where he served 12 years before being demoted to the position he held when he first started in 1980. The trial court noted that Pietrick had received no prior reprimands nor other disciplinary actions before being demoted. Given Pietrick's otherwise unblemished service, the trial court concluded a demotion to the lowest rank was unwarranted.

{¶28} The trial court further noted that at the time Pietrick's repair requests came to light, tensions were already running high between Mayor Clough and Pietrick. As previously stated, the McGrath report revealed that Mayor Clough had openly expressed his dissatisfaction with Pietrick's administration, had requested Pietrick's resignation, and Pietrick had refused.

{¶29} At the time of Pietrick's demotion from fire chief to the lowest rank, he had spent 27 years with the Westlake fire department, and as the trial court duly noted, other than the issue forming the basis of the instant appeal, Pietrick's service record was unblemished.

{¶30} We conclude that the trial court's reasoning for its "grossly poor judgment" finding is supported by the record; consequently, the City's interpretation of the trial court's judgment or finding is incorrect. Our review of the trial court's opinion reveals that it failed to adopt the City's finding of misfeasance, malfeasance, nonfeasance,

neglect of duty, and failure of good behavior, but instead substituted that finding to one of "grossly poor judgment." This, the trial court could do under its de novo review.

{¶31} Accordingly, the City's use of *Maurer v. Franklin Cty. Treasurer*, 10th Dist. No.07AP-1027, 2008-Ohio-368, is misplaced. *Maurer* holds "[w]here the evidence supports the board's decision, the common pleas court must affirm the board's decision and has no authority to modify the penalty." *Maurer* concludes that where the evidence supports the City's decision, the trial court must affirm. Here, the trial court held that the evidence did not support the City's findings and substituted its judgment when it held that at best Pietrick's conduct was "grossly poor judgment" that required a different penalty.

{¶32} The law supports this finding by the trial court. It is well established that administrative appeals brought pursuant to R.C. 124.34 and 119.12 are subject to trial de novo. *Wolf v. Cleveland*, 8th Dist. No. 82135, 2003-Ohio-3261. The court of common pleas may substitute its own judgment on the facts for that of the civil service commission, based upon the court's independent examination and determination of conflicting issues of fact. *Id.*, citing *Newsome v. Columbus Civ. Serv. Comm.*, 20 Ohio App.3d 327, 486 N.E.2d 174 (10th Dist.1984). A trial court must not simply determine if the ruling of the Civil Service Commission was arbitrary or capricious, the standard for appeals brought pursuant to R.C. Chapter 2506, but must evaluate the evidence anew. *Id.*

{¶33} With respect to the trial court's charge of independent review, the *Maurer* court stated: "If the common pleas court finds after its appraisal of all the evidence that

reliable, probative, and substantial evidence does not support the board's decision, or the decision is not in accordance with law, the court may reverse, vacate, or modify the board's decision." *Id*., citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 407 N.E.2d 1265 (1980).

{¶34} During oral argument, the city argued that like *Maurer*, *Franklin Cty. Sheriff v. Frazier*, 174 Ohio App.3d 202, 2007-Ohio-7001, 881 N.E.2d 345 (10th Dist.), supports the proposition that the trial court may not modify the penalty, when it finds some fault in the employee's conduct regardless of the label. The City suggests there is no difference between "grossly poor judgment" and misfeasance, malfeasance, nonfeasance, neglect of duty, and failure of good behavior. We disagree. As previously stated, the record reveals that the Greenberg report concluded that Pietrick's conduct was not criminal and was not likely an ethical violation under the laws of Ohio. Like *Maurer*, *Frazier* is not supportive of the city's position.

{¶35} In *Frazier*, following an investigation of the sheriff department's internal affairs relating to alleged offenses by Frazier, a deputy sheriff, the sheriff ordered his removal from employment. Frazier appealed and an administrative law judge (ALJ) for the board determined that he had committed six of eight infractions alleged in connection with an excessive force incident. The board adopted the ALJ's findings of fact and recommended sanction of suspension instead of removal. When the sheriff department appealed the board's decision to the common pleas court, the trial court reversed the order of the board and reinstated the sheriff's removal order.

**{¶36}** When Frazier appealed the trial court's decision to reinstate the sheriff's removal order, the court of appeals reversed the trial court's decision and stated:

> **Contrary to the conclusion the common pleas court reached, the noted record evidence amply supports the ALJ's determination that "the primary reason for the severity of Appellant's discipline was [the sheriff's] perception that Appellant lied about the time and manner in which he injured his hand." Specifically, Garrity's testimony indicates the sixth and seventh grounds for appellant's removal were based on a belief that appellant lied to IAD about his hand injury. The board, through the ALJ, concluded the sheriff did not prove those grounds, and the common pleas court did not conclude otherwise. Although the evidence was clear that the unproven grounds would have resulted automatically in a penalty of removal had they been proven, no evidence indicates the other proven grounds carry such a harsh penalty. Similarly, no evidence suggests the sheriff would have removed appellant from employment based on the proven grounds alone. To the contrary, the evidence suggests the sheriff would have agreed to a 30-day suspension of appellant but for the additional allegations that appellant lied to IAD.**

**{¶37}** In *Frazier*, unlike the instant case, evidence in the record supported the board's decision to reduce Frazier's punishment from removal to suspension because the sheriff department had not proven that Frazier was guilty of the sixth and seventh count alleged. Notably, the trial court did not conclude that the sheriff had proven counts six and seven. Given that the sixth and seventh counts were not proven, and they were the only grounds that would have justified removal, the trial court abused its discretion when it reinstated the sheriff's removal order.

**{¶38}** Here, as previously noted, the trial court found that Pietrick demonstrated extremely poor judgment, as opposed to committing acts of misfeasance, malfeasance, nonfeasance, neglect of duty, and failure of good behavior. The trial court's finding was

consistent with the determination of the outside law firm, which concluded that Pietrick had not done anything criminal and had not done anything that was likely an ethical violation. Accordingly, the trial court acted within its discretion.

**{¶39}** Turning our attention to Pietrick's cross-appeal, wherein he argues that the trial court should have reinstated him to the position of fire chief, we find no abuse of discretion in the trial court's decision to place him in the position of captain. As previously discussed, the trial court did find that Pietrick demonstrated extremely poor judgment given his superior position and that the mechanics felt some sense of coercion, given their subordinate position.

**{¶40}** Thus, the trial court's decision is supported by a preponderance of reliable, probative, and substantial evidence. Accordingly, we overrule the City's assigned error. We also overrule Pietrick's cross-assigned error.

**{¶41}** Judgment affirmed.

It is ordered that appellee and appellants share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
KATHLEEN ANN KEOUGH, J., CONCUR